FILED

# United States District Court

APR 21 2006

_____ MIDDLE _____ DISTRICT OF _____ ALABAMA _____

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

In the matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

Dell Computer, Model PP01X, Serial Number TW-03J010-12961-25E-1177

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

CASE NUMBER: 2:06mj41-SRW

I _____ John R. Mann _____ being duly sworn depose and say:

I am a(n) __ Task Force Agent, Federal Bureau of Investigation __ and have reason to believe

that ☐ on the person of or ☒ on the property or premises known as (name, description and/or location)

Dell Computer, Model PP01X, Serial Number TW-03J010-12961-25E-1177,
Latitude C840 Laptop PCU

in the _____ Middle _____ District of _____ Alabama _____

there is now concealed a certain person or property, namely (describe the person or property to be seized)

**SEE ATTACHMENT B**

which is (state one or more bases for search set forth under Rule 41(b) of the Federal Rules of Criminal Procedure)

**property that constitutes evidence of the commission of a criminal offense,**

concerning a violation of Title 18, United States Code, Section 2252.

The facts to support the issuance of a Search Warrant are as follows:

**See Attached Affidavit**

Continued on the attached sheet and made a part hereof:    ☒ Yes   ☐ No

_John R. Mann_
Signature of Affiant

Sworn to before me and subscribed in my presence,

_7/28/05_ _____ at __ Montgomery, Alabama __
Date                                                      City and State

SUSAN RUSS WALKER, U.S. Magistrate Judge    _____
Name & Title of Judicial Officer                  Signature of Judicial Officer

AFFIDAVIT

"My name is John R. Mann, I am Lieutenant with the Montgomery Police Department, currently assigned with the Mobile Division, Montgomery Resident Agency, Federal Bureau of Investigation as a Task Force Agent, Child Protect Task Force".

Affiant further stated that he has been advised by Eric O'Brien, Staff Sergeant Security Forces, United States Air Force, Lackland Air Force Base of the following:

Staff Sergeant O'Brien advised that he has probable cause to believe and does believe that a Dell Latitude, C840 Laptop computer, serial number TW-03J010-12961-25E-1177, containing child pornography seized from the dorm room, 109, Building 311A, Prince Sultan Air Base, Saudi Arabia, on or about March 2, 2003. Dorm room 109 was assigned to Northrop & Grumman civilian contractor Michael King.

The fact tending to establish the foregoing grounds for the issuance of a search warrant are as follows:

On or about March 2, 2003, a confidential informant contacted SSGT O'Brien and advised him that while searching the Prince Sultan Air Base shared computer network for music files on the C-drive they came across Michael King's files and discovered a pornographic movie titled "Barely Legal #1" and one other file titled "PEDOPHILES".

Eric O'Brien then contacted the Base Information Protection Officer, Expeditionary Security Forces Squadron at Prince Sultan Air Base Saudi Arabia and requested that they conduct a proxy log search on Michael King's computer files.

The Base Information Officer then advised this Task Force Agent that they handle all GO1 Violations or complaints dealing with pornography and that they had full authorization to monitor all computers on the Prince Sultan Air Base. While conducting a proxy search on Michael King's computer files they discovered fantasy writing of children having sex with adults and a video of adult pornography.

Based on this information SSGT O'Brien obtained a search warrant from LEGAT RIYADH and from his commander to conduct a search on Michael King's dorm room 109, building 311A Prince Sultan Air Base, Saudi Arabia..

Staff Sergeant O'Brien also advised that while he was obtaining the search warrant from LEGAT RIYADH, Michael King's commander advised him that a investigation was being conducted on him for child pornography and that he should leave country immediately. Michael King then left Saudi Arabia abandoning the Dell computer that is the subject of this search warrant request. King is currently living at 7025 North Copperfield Court, Montgomery, Alabama 36117.

Staff Sergeant O'Brien further advised that while conducting the search warrant at Michael King's dorm room, 109, building 331A he discovered and seized the following items: one (1) Dell Latitude C840 Laptop computer, model number PP01X, serial number TW-03J010-12961-25E-1177, twenty seven (27) pornographic DVD video's and twelve (12) CD-R recordable CD's containing 40-50 pornographic videos depicting sexual acts with children.

Based on the foregoing I have probable cause to believe and do Believe that evidence ( i. e., a Dell Computer) of the crime of possession of pornographic

Material depicting minors, will be recovered from the room of Michael King.

I make this application for a search warrant for the purpose of seizing and examining all pornographic images, electronic mail (e-mail) stored in the Dell computer, the backup storage equipment, hard drives, monitors, printers, main frames, external hard drives, CD ROM writers and readers, CD-R recordable CD's and any other electronic equipment used for storing or recording information relating to using the Internet for procuring pornographic material relating to minors, located on the above Described compter.

*John R. Mann*
JOHN R. MANN

SWORN & SUBSCRIBED BEFORE ME THIS 28TH DAY OF JULY, 2005.

_____
U.S. MAGISTRATE JUDGE

ATTACHMENT B

1.  Computer hardware, computer software, computer-related documentation, and computer passwords and data security devices further described as follows:

    a.  Computer hardware consists of all equipment which can collect, analyze, create, display convert, store, conceal or transmit electronic magnetic, optical or similar computer impulses or data. Hardware includes (but is not limited to) any data-processing devices (such as central processing units, processing units, memory typewriters, and self-contained "laptop" or "notebook" computers; internal and peripheral storage devices (such as fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, transistor-like binary devices and other memory storage devices); peripheral input/output devices (such as keyboards, printers, scanners, plotter, video display monitors and optical readers); and related communications devices (such as modems, cables and acoustic couplers, automatic dialers, speed dialers, programmable telephone dialing or signaling devices, and electronic tone-generating devices; as well as any devices, mechanisms or parts that can be used to restrict access to computer hardware (such as physical keys and locks).

    b.  Computer software is digital information, which can be interpreted by a computer and any of its related

    components to direct the way they work. Software is stored in electronic, magnetic, optical or other digital form. It commonly includes programs to run operating systems, applications (like word processing, graphics or spreadsheet programs), utilities, compilers, interpreters and communications programs.

  c. Computer related documentation consists of written, recorded, printed, or electronically stored material, which explains or illustrates how to configure or use computer hardware, software, or other related items.

  d. Computer passwords and other data security devices are designed to restrict access to or hide computer software, documentation or data. Data security devices may consist of hardware, software, or other programming code. A password (a string of alphanumeric characters) usually operates as a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips and circuit boards. Data security software or digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the process to restore it.

2. Any and all computer correspondence pertaining to the possession, receipt or distribution of visual depictions of

   minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

3. Any child pornography, in whatever form, as defined in Title 18, United States Code, Section, 2256.

4. Any and all computer correspondence offering to transmit, through interstate commerce, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

5. Any and all computer correspondence identifying persons transmitting, through interstate commerce, any visual depiction of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

6. Any and all digital camera recorders.